**912**

**Marvin L. BROWN, Plaintiff-Appellee,**

v.

**WESTERN ELECTRIC COMPANY, Defendant-Appellant.**

Supreme Court of Tennessee.

Feb. 28, 1983.

Ferdinand Powell, Jr., Johnson City, for defendant-appellant; Powell & Epps, Johnson City, of counsel.

Norbert J. Slovis, Knoxville, for plaintiff-appellee; Lockett, Slovis & Weaver, Knoxville, of counsel.

## OPINION

JAMES W. PARROTT, Special Justice.

In this worker's compensation case, appellant Western Electric Company insists that it be given a setoff or credit against worker's compensation benefits because appellant made weekly payments to plaintiff-employee of an amount equivalent to employee's earnings.

The chancellor found that plaintiff had sustained a back injury in the course of his employment and awarded fifty (50) percent permanent partial disability. The chancellor's decree required worker's compensation payments of $119.00 per week for 200 weeks. Western Electric has continued to pay the plaintiff a salary of $446.80 a week, which is the amount he would have received if he had continued employment.

Although plaintiff intimated in his testimony that the $446.80 payment was in accordance with a contract, there is no contract in the record. In its brief, appellant does not cite any statute authorizing a setoff or credit. T.C.A. § 50–916, however, provides:

No contract or agreement, written or implied, nor rule, regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this law . . . .

So far as this record is concerned, Western Electric's paying of the $446.80 per week must be deemed a voluntary act. Further, in the absence of a contract or statute permitting a setoff or credit, appellant is not entitled to a reduction of compensation benefits. Contrary to appellant's insistence, T.C.A. § 50–916 clearly forbids compensation benefits to be reduced.

Appellant's final issue is: "Are the employee's attorney's fees to be limited to the amount payable under the Workers' Compensation Act?" The chancellor's decree answers this question. It is clear from the decree that plaintiff's attorney was awarded 20 percent of the worker's compensation benefits, as is allowed by law.

Thus, it results that the chancellor's decree is affirmed with all costs taxed to appellant.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.