Audrey CATLETT, et al.,
Plaintiffs–Appellees,

v.

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA, et al.,
Defendants–Appellants.

Supreme Court of Tennessee.

Dec. 28, 1995.

Jeffrey D. Boehm, O'Neal, Walker & Boehm, Chattanooga, for Plaintiffs–Appellees.

David T. Hooper, Hooper & Hooper, Brentwood, for Defendants–Appellants.

## OPINION

WHITE, Justice.

The issue in this workers' compensation appeal is whether an employer is entitled to recover funds paid to an employee and employee's attorney in satisfaction of a judgment when that judgment is reversed on appeal. We hold that the employer is entitled to recover.

Plaintiff, the surviving spouse of William Catlett, sought workers' compensation benefits from defendant as a result of her husband's death from work-related asbestosis. The trial court awarded plaintiff $52,308.25 in medical expenses, $3,000 in funeral expenses, $1,659.50 as costs for procuring and presenting medical proof, and weekly benefits in the amount of $231 per week for 400 weeks. The employer appealed, but while the appeal was pending, paid plaintiff $77,988.77, representing the medical, funeral, and trial expenses, and the accrued weekly benefits. The transmittal letter accompanying the payment recited that payment was prompted by the trial court's order and was made pending the outcome of the appeal.

Upon receiving the money, and while the case was still before this Court, plaintiff filed a motion in the trial court to dismiss the appeal on the basis that the judgment had been paid. In support of her motion, she attached a stipulation revealing that the employer had paid the amounts ordered by the trial court. The employer opposed the motion on the basis that the trial court no longer had jurisdiction because the matter was pending in this Court. The trial court agreed with the employer and overruled the motion to dismiss. *See Saunders v. McKenzie*, 572 S.W.2d 653, 656 (Tenn.1978) (motion to dismiss an appeal should be filed in appellate, not trial court).

Plaintiff then filed the same motion to dismiss in this Court again reciting that satisfaction of the judgment mooted the appeal. In response, the employer filed its lawyer's affidavit and the July 12, 1990 transmittal letter that had accompanied the payment. The affidavit stated in part:

I have had several telephone conversations with [plaintiff's counsel] and have exchanged correspondence with his firm regarding the issue of the payment made. In none of those conversations or letters have I indicated that the tendered funds were to be considered as satisfaction of or extinguishment of the judgment of the trial court.... To the contrary, to the extent the subject was mentioned, all those com-

munications have clearly indicated that the payment was made pending the outcome of the present appeal.

The letter referred to the pending appeal three times.[1]

We denied plaintiff's motion to dismiss the appeal. On July 1, 1991, we reversed the trial court's judgment and held that plaintiff was not entitled to workers' compensation benefits from the employer. *Catlett v. Indemnity Ins. Co.*, 813 S.W.2d 411, 415–16 (Tenn.1991). The case was remanded for any necessary proceedings.

After the remand, the employer filed a motion in the trial court to compel repayment of the funds paid while the appeal was pending. The trial court denied the motion, but awarded the employer discretionary costs as a result of having prevailed on appeal. From that denial, the employer appealed. In its brief, the employer referenced the transmittal letter accompanying the payment and the affidavit filed in the trial court. Plaintiff moved to strike those references arguing that the letter and affidavit were not "part of the record on appeal." We denied the motion.

In this Court, plaintiff characterizes the payment as a voluntary and unconditional satisfaction of the trial court's judgment which she should be entitled to keep. The employer argues that the payment was a conditional one, dependent upon the outcome of the appeal, as evidenced by the transmittal letter. It claims that it paid plaintiff to avoid execution on the judgment, which would have disrupted its business activities. *See Underwood v. Liberty Mut. Ins. Co.*, 782 S.W.2d 175, 177 (Tenn.1989) (merely filing an appeal does not, by itself, stay the trial court's judgment). Plaintiff counters that the employer had other options, including obtaining a stay of execution under Rule 62[2] or depositing the money with the trial court under Rule 63.[3] Instead, since the employer opted to pay her, she argues the payment should be treated as a gratuity.

In *Underwood v. Liberty Mut. Ins. Co.*, 782 S.W.2d 175 (Tenn.1989), the employer paid court-awarded workers' compensation benefits into the clerk's office pending its appeal in order to limit its liability for interest. *Underwood v. Liberty Mut. Ins. Co.*, 782 S.W.2d at 176. Specifically, the employer "moved the [trial] court to direct that the funds be held in an interest bearing account ... pending the final decision of the Supreme Court regarding the liability of the [employer]." *Id.* at 176–77. We held that this payment was not intended as "full, unconditional satisfaction of judgment ..." but "as a sort of informal 'stay' solely for the purpose of stopping the accrual of interest...." *Id.* at 177.

Apparently taking its cue from *Underwood*, the employer in the present case,

---

1. The letter stated in relevant part:

   [C]alculations ... reveal that under the [trial court's judgment], and *pending the outcome of our present appeal,* you are entitled to recover $52,308.28 in medical and hospital expenses, $3,000 in funeral expenses, $1,659.50 as the costs of procuring and presenting your medical proof, and indemnity benefits from October 1, 1988 to the present.

   \*   \*   \*   \*   \*   \*

   In your earlier letter of July 2 to me, you indicated that [plaintiff] would be due (at least arguably) interest on the funds awarded from the date of the actual judgment. Rather than get into a dispute with you, and rather than attempt to hold back some of these funds and parcel them out to you on a bi-weekly basis, I am going to provide you with these funds now. \* \* \* It is my proposal that we simply consider their early payment to be a "wash" against any interest [plaintiff] otherwise might be able to claim from the date of the judgment to the present. \* \* \*

   If for any reason this is unacceptable to you, please let me know immediately.... However, I will assume that this "wash" proposal will be acceptable to you and will permit us both to address more substantive matters at hand, *including the appeal.*

   I look forward to hearing from you on this as it might be appropriate. Otherwise, I have just received the transcript and will review it in the next few days *as I work a little on the appeal.* (Emphasis added).

2. "Except as otherwise provided in Rule 62.01, when an appeal is taken the appellant by giving a bond may obtain a stay. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the bond is approved by the court." Tenn.R.Civ.P. 62.04.

3. "Upon making a deposit in court a party shall not be liable for further interest on the sum deposited." Tenn.R.Civ.P. 67.03.

with the objective of avoiding the accrual of interest, paid plaintiff pending the outcome of the appeal. While we are not concerned with the accrual of interest in this case and do not suggest that the employer's actions here would affect those rights of plaintiff, the similarity in the circumstances surrounding payment satisfy us that the employer here, like the employer in *Underwood,* did not intend payment as a full, unconditional satisfaction of judgment. The transmittal letter accompanying the payment made it clear that the money was being paid "pending the outcome of . . . appeal," that the employer intended to pursue its rights on appeal, and that counsel was presently preparing the appeal. The employer contested plaintiff's motion to dismiss the appeal and also questioned the underlying legal basis for plaintiff's recovery.

Under these circumstances, we hold that the employer is entitled to recover the funds paid to plaintiff. Our conclusion is consistent with the general rule:

> A party who voluntarily acquiesces in, ratifies, or recognizes the validity of, a judgment, order, or decree against [that party], or otherwise takes a position which is inconsistent with the right to appeal therefrom, thereby impliedly waives, or is estopped to assert, [the] right to have such judgment, order, or decree reviewed by an appellate court;

> \*   \*   \*   \*   \*   \*

> In order to be a bar of the right of appeal on the ground of acquiescence, the acts relied on as a waiver . . . must be such as to clearly and unmistakably show an inconsistent course of conduct or an unconditional, voluntary, and absolute acquiescence, with the intent to ratify or confirm the judgment, and to acquiesce and abandon the right of appeal.

4 C.J.S. *Appeal and Error* § 185 (1993); *see also Saunders v. McKenzie,* 572 S.W.2d 653 (Tenn.1978) (partial payment of a judgment did not constitute waiver of appellate review when the payment was made while the payor was pursuing the appeal); *Metro. Dev. & Housing Agency v. Hill,* 518 S.W.2d 754 (Tenn.App.1974) (voluntary payment of a judgment terminates the right to appeal, but an involuntary payment made under threat of execution does not).

Consistent with our conclusion is the provision of Tennessee Code Annotated Section 50–6–205(d)(1) that provides that an employer who voluntarily makes payments to an employee may subsequently contest liability. Tenn.Code Ann. § 50–6–205(d)(1)(1991 Repl.). An employee's acceptance of any such payments does not bind either side. Tenn.Code Ann. § 50–6–205(d)(2) & (3)(1991 Repl.). It would lead to an anomalous result to conclude that conditional payments made pending a successful appeal could not be recouped, while conditional payments made prior to an award could. Such an approach would deter parties from taking responsible actions and would unjustly enrich the undeserving party. In this case, the absurd result would be that plaintiff would receive almost $78,000 in the face of a Supreme Court decision that found no entitlement to benefit.

Finally, we address the cases relied on by plaintiff, *Hartford Accident & Indemnity Co. v. Hay,* 159 Tenn. 202, 17 S.W.2d 904 (1929) and *Brown v. Western Elec. Co.,* 646 S.W.2d 912 (Tenn.1983). These cases simply do not support plaintiff's position. In *Hartford,* the employer made "repeated contributions to the employee or his wife, out of the employer's petty cash, to keep the family of the employee from want." *Hartford Accident & Indemnity Co. v. Hay,* 17 S.W.2d at 907. This Court denied the employer's insurer a credit for the amounts paid on the basis that "[s]uch gratuities did not relieve the employer of [its] statutory liability to the employee. . . ." *Id.* Similarly, in *Brown,* the employer continued to pay the employee's salary after the employee was injured, but before the trial court's determination of liability. The trial court decided the case in favor of the employee, and the employer was denied a credit for the salary payments. *Brown v. Western Elec. Co.,* 646 S.W.2d at 912. Unlike the present case, neither *Brown* nor *Hartford* involved payments to an employee made after judgment "pending the outcome of . . . appeal."

In sum, we decline to view the employer's payment as a gratuity paid to plaintiff. The payment was pursuant to the court's order and was made pending appeal. The employer should have exercised its options under Rule 62 or 67 of the Tennessee Rules of Civil Procedure to avoid execution on the judgment or accrual of interest. However, we cannot conclude, under the facts of this case, that the employer made an unconditional and irrevocable payment in to a satisfaction of the trial court's judgment. We, therefore, find that the employer is entitled to a judgment against plaintiff for the amount of the payment. The case is remanded for the entry of an appropriate judgment. Costs are taxed to plaintiff.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.