Betty SMITH, Rachel Childress and
the Play Center Nursery, Inc.,
Plaintiffs–Appellants,

v.

Mark REED and Melissa Reed, Kingsport Publishing Corp., Keith Wilson, Publisher, Kingsport Times–News, Tom Como, Managing Editor, Kingsport Times–News, Allison Mechem, Reporter, Kingsport Times–News, and Allison Mechem, Individually, Defendants–Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Dec. 11, 1996.

Permission to Appeal Denied May 5, 1997.

D. Mitchell Bryant, Jenne, Scott & Bryant, Cleveland, Karmen K. Campbell, How, Campbell & Lee, Sweetwater, for Plaintiffs–Appellants.

David W. Blankenship, Kingsport, David L. Marburger, Beth A. Brandon, Baker & Hostetler, for Defendants–Appellees.

## OPINION

FRANKS, Judge.

In this action, the Trial Court granted summary judgment, and plaintiffs have appealed.

Plaintiff Smith is the owner of the Play Center Nursery daycare, and plaintiff Childress is an employee at the daycare. The Reeds filed criminal charges against the plaintiffs after they found blisters on the inside of their two year old son's mouth. The Reeds attributed those blisters to Ms. Smith's disciplining their son. She was accused of making their son, who had been biting other children, touch his mouth to a hot pepper. The charges of child abuse were dismissed following a preliminary hearing.

Plaintiffs then brought this action against the Reeds and against the defendant newspaper and staff members for defamation. The Trial Judge granted summary judgment for the newspaper, and its reporters, finding that the articles comported with the "fair reporting privilege".

Summary judgment is appropriate when there is no disputed issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Byrd v. Hall,* 847 S.W.2d 208 (Tenn.1993). In this case, plaintiffs raise several issues which they characterize as factual inaccuracies, and they argue that a jury must make a determination regarding the truthfulness of the article.

However, the truth or falsity of the article is not relevant here. The basis of granting summary judgment was the defense of qualified privilege. The question of whether a publication is privileged is a question of law to be determined by the Court. *See Stem v. Gannett Satellite Information Network,* 866 F.Supp. 355, 361 (E.D.Tenn. 1994). The standard of review for a question of law is *de novo* with no presumption of correctness for the Trial Court's findings. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87 (Tenn.1993).

It was recognized at common law that public interest requires information to be disseminated in public judicial proceedings. As a result, a qualified privilege was recognized for newspapers which make reports of judicial proceedings to the public, in order that members of the public may be apprised of what takes place in the proceedings without having been present. This qualified privilege requires that the report be a fair and accurate summation of the proceeding. *Langford v. Vanderbilt University*, 44 Tenn.App. 694, 706, 318 S.W.2d 568, 574 (Tenn.App.1958). The report does not have to be a verbatim, technically accurate account in every detail; so long as it gives a "correct and just impression of what took place in Court." *Langford.* The elements of balance and neutrality are required. *See Street v. National Broadcasting Co.*, 645 F.2d 1227, 1233 (6th Cir.,), cert. granted, 454 U.S. 815, 102 S.Ct. 91, 70 L.Ed.2d 83, cert. dismissed, 454 U.S. 1095, 102 S.Ct. 667, 70 L.Ed.2d 636 (1981).

Plaintiffs object particularly to three "factual inaccuracies" in the newspaper article. These "inaccuracies" consist of the description of the pepper as "hot", the allegation that the pepper was "forced" into the child's mouth, and the statement that the emergency room physician testified that the blister was "consistent" with a burn from a pepper.

Our review of the testimony at trial and the affidavit filed show that the newspaper article represented a fair and accurate summation of the proceedings. First, the issue of the pepper being "hot" is the essence of the allegation of child abuse. The doctor testified that the mother believed that the pepper was hot. The article correctly reflected this belief, which was the crux of the accusation.

Second, the allegation that the pepper was forced into the child's mouth is a reasonable interpretation of the testimony that the pepper was "placed" in the child's mouth. While the word forced is more inflammatory, it still reflects the basic allegation that the child bit the pepper involuntarily.

Finally, the doctor's testimony shows that he was asked whether the mother's belief that the blister was caused by a hot pepper was "inconsistent with what you observed?" The doctor responded "no, it was not." The article removed the double negative aspect of the question, stating that the doctor had testified that the blister was "consistent" with a burn from a pepper. This change was not material or misleading, particularly since the article also included the doctor's testimony that the blister could have been caused by a hot dog the child ate that evening.

Comparison of the testimony and article demonstrates that the newspaper conveyed the gist of the courtroom proceedings. This type of basically accurate and balanced coverage is protected by the fair reporting privilege. *Langford,* (fair reporting privilege found despite plaintiffs' arguments that article gave undue prominence to "inculpatory facts" and article did not quote the declarations verbatim).

We conclude that summary judgment was appropriate on this record, affirm the judgment of the Trial Court, and remand at appellants' cost.

GODDARD, P.J., and CLIFFORD E. SANDERS, Senior Judge, concur.