IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 22, 2007 Session

**DUKE BOWERS CLEMENT**
**v.**
**JANET LEIGH TRAYLOR CLEMENT**

**An Appeal from the Circuit Court for Shelby County**
**No. CT-000776-01     Jerry Stokes, Judge**

_____

**No. W2006-00691-COA-R3-CV - Filed August 15, 2007**

_____

This is the second appeal of a divorce case.  In the first appeal, this Court determined that the trial court erred in the valuation and distribution of the parties' marital residence, and concluded that the equity in the marital residence should be divided equally between the parties.  The cause was remanded to the trial court to consider a method of payment.  Before the matter was considered by the trial court on remand, the parties agreed to sell the property.  After the property was sold, they divided the proceeds equally.  The wife then filed a petition in the trial court disputing the amount she received.  She also sought post-judgment interest from the date of the final divorce decree.  The trial court denied the wife's petition.  The wife now appeals for a second time.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

David E. Caywood and Marc E. Reisman, Memphis, Tennessee, for appellant, Janet Leigh Traylor Clement.

Joe M. Duncan, Memphis, Tennessee, for appellee, Duke Bowers Clement.

**OPINION**

This is the second appeal of a divorce case between Plaintiff/Appellee Duke Bowers Clement ("Mr. Clement") and Defendant/Appellant Janet Leigh Traylor Clement ("Ms. Clement").  The underlying procedural history and underlying facts of this dispute are set forth in detail in our prior Opinion. ***See Clement v. Clement***, No. W2003-02388-COA-R3-CV, 2004 WL 3396472 (Tenn. Ct. App. Dec. 30, 2004).  The issues presented in this second appeal are narrow, concerning only the interpretation of this Court's Opinion in the first appeal as to the valuation and division of the equity

in the parties' marital residence located on River Tide Cove in Memphis, Tennessee ("River Tide Cove property").

At the trial of the divorce proceedings, the parties disagreed on the fair market value of the River Tide Cove property. They introduced into evidence competing appraisals prepared by two licensed and certified appraisers. Mr. Clement's appraiser estimated the value of the house and lot to be $1,453,076. Ms. Clement's appraiser estimated the value of the house and lot to be $2,421,678. In the final divorce decree entered on September 2, 2003, the trial court made no explicit findings on the credibility of the appraisers, but appeared to rely on the values provided in Mr. Clement's Rule 14(c) affidavit, and to adopt Mr. Clement's arguments on valuation. The trial court ultimately awarded Ms. Clement approximately $450,000 in marital assets and a second residence purchased by her during the initial divorce proceedings. Mr. Clement was awarded the marital residence on River Tide Cove, and the remaining assets listed in his Rule 14(c) affidavit.

In the first appeal, Ms. Clement contended that the trial court erred in several respects, including its division of the marital property and its valuation of the River Tide Cove property. *Clement*, 2004 WL 3396472, at *4. After considering the factors set forth in section 36-4-121(c) of the Tennessee Code Annotated, the appellate court concluded that, overall, Ms. Clement should have received a greater share of the marital estate than was awarded to her by the trial court. *Id.* at *6-7. Regarding the valuation of the home and lot, it held that the trial court erred in implicitly adopting the appraisal by Mr. Clement's appraiser, in light of the appraiser's erroneous calculation of the size of the lot and problems with the "comparable properties" he utilized. *Id.* at *9-10. The appellate court found that the evidence preponderated in favor of the appraisal value offered by Ms. Clement's appraiser, $2,421,678. *Id.* at *10. In light of the factors set forth in Tennessee Code Annotated § 36-4-121(c), the appellate court concluded "that the equity in the marital residence should be distributed equally between the parties." *Id.* at *10. Accordingly, the cause was remanded to the trial court to, among other things, "consider a method of payment, such as installment payments or the sale of the house and division of the proceeds." *Id.*

The conclusion of the original appellate Opinion, Part VI, included a table outlining the division of marital property. The table reflected a near-equal distribution of the parties' overall marital estate. *Id.* at *22. A portion of the table entitled "*Properties at issue in this appeal, to be divided equally between the parties*" indicated that, as to the River Tide Cove property, each party would receive $927,839; this figure represented half of the equity in the house and lot, based on the outstanding mortgage at the time of the divorce trial and the appraisal value offered by Ms. Clement's appraiser. *Id.* The instructions to the trial court on remand were then reiterated:

> We modify, as reflected in the above table, the trial court's order concerning the division of property, to give Ms. Clement and Mr. Clement equal interests in the equity in the River Tide Cove house in the amount of $927,839 each. . . . In view of the fact that this division of property entails the expenditure of a large amount of cash by Mr. Clement, we remand this case to the trial court for the purpose of determining the proper method of achieving the equitable division of property provided for herein.

*Id.* at *23.

After issuance of the appellate Opinion, and prior to the trial court's decision on remand, Mr. and Ms. Clement agreed to sell the River Tide Cove property. Both parties agreed to a sale price of $2,100,000. Each received half of the net proceeds. Ms. Clement received $772,823.02 as her share in the proceeds.

Subsequently, on November 14, 2005, Ms. Clement filed a petition in the trial court, asking that the trial court order Mr. Clement to pay her $155,015.98, the difference between the sum of $927,839 and the net proceeds she actually received from the sale of the River Tide Cove property. Ms. Clement argued that, in its opinion, the appellate court had awarded her the sum-certain amount of $927,839 as her equity interest in the River Tide Cove property. In addition, Ms. Clement claimed that she was entitled to post-judgment interest on the $927,839 from September 2, 2003, the date of the final divorce decree, until October 31, 2005, the date of the sale of the property. She asserted that the post-judgment interest should continue to accrue on the outstanding balance until Mr. Clement paid the balance in full. Mr. Clement filed a response to the petition on January 18, 2006.

The issue was taken under advisement by the trial court. On March 1, 2006, the trial court entered an order, stating in part:

> [T]he Court of Appeals accepted the estimated value of the River Tide Cove property to be $2,421,678 (based upon the appraisal by Ms. Clement's appraiser . . . ) the property sold for $2,100,000 instead. This Court finds that the Shelby County real estate market determined the value of this property.
>     It further appears to the Court that after the expenses and commissions, the proceeds of this sale were divided equally between the parties. As a result, there has already been an equitable division of the real estate proceeds in accordance with . . . the Opinion of the Court of Appeals which states in pertinent part ". . . the case will be remanded to the Trial Court to consider a method of payment, such as installment payments <u>or</u> the sale of the house and division of the proceeds." (Emphasis added) Therefore, there has been a sale of the house and a division of the proceeds between the parties that appear to be nothing other than equitable. As a result, there are no further real estate proceeds to divide.
>     It further appears to the Court that the request by the Defendant for a judgment against the Plaintiff as well as for post judgment interest should be denied based upon the foregoing findings.

Thus, the trial court denied Ms. Clement's petition, finding that the equal division of the proceeds from the sale of the property was an equitable distribution of the marital residence in accordance with the appellate opinion issued after Ms. Clement's first appeal, and that Ms. Clement was not entitled to post-judgment interest.

From this order, Ms. Clement again appeals. In this second appeal, she raises the following three issues: (1) whether the trial court erred on remand by not finding that Mr. Clement owed Ms. Clement the entire sum of $927,839; (2) whether the trial court erred in failing to award Ms. Clement post-judgment interest from the date of the final divorce decree; and (3) even if the trial court did not err by "modifying" this Court's holding as to the value of the River Tide Cove property, did the trial court err by failing to value the property as of a date as near as possible to the final divorce hearing.

The issues raised in this appeal present questions of law. We review questions of law *de novo* upon the record, and accord no presumption of correctness to the conclusions of the trial court. ***Taylor v. Fezell***, 158 S.W.3d 352, 357 (Tenn. 2005); ***Smith v. Reed***, 944 S.W.2d 623, 624 (Tenn. Ct. App. 1997).

The first issue on appeal is whether the trial court erred in not finding that Ms. Clement was entitled to the sum of $927,839, representing her equity interest in the marital residence based on the $2,421,678 appraised value. Ms. Clement notes that the issue of valuation was not remanded to the trial court. She argues that, on remand, the trial court was directed only to determine the manner in which Mr. Clement was to pay her the $927,839. By approving a lesser distribution of half of the net proceeds based on the actual sale price of $2,100,000, Ms. Clement contends, the trial court essentially modified the valuation of the River Tide Cove property established in the first appeal, thereby reducing the equity interest awarded to her by this Court. We disagree.

In the original appellate Opinion by this Court, neither Ms. Clement nor Mr. Clement was awarded a monetary judgment in the amount of $927,839. To the contrary, in equitably dividing the River Tide Cove property, the appellate court expressly concluded that "the equity in the marital residence should be distributed equally between the parties," and the cause was remanded to the trial court for determination of a proper method of payment. ***Clement***, 2004 WL 3396472, at *10. The appellate court suggested two alternatives for the trial court's consideration, "installment payments or the sale of the house and division of the proceeds." ***Id.*** By the time the cause was considered on remand, Mr. and Ms. Clement had consented to a sale of the property for $2,100,000 and had already divided the net proceeds in equal shares.[1]

An appraisal of real property is, of course, an expert's estimate of the fair market value of the property, i.e., the sales price that the property would bring if it were sold in an arms-length transaction. Such an estimate must be utilized by the courts in a divorce if the jointly-held property is not to be sold, as a mechanism for the party being divested of his or her interest in the property to be compensated for that interest. This is not necessary when the jointly-held property is sold to a third party; the sales price is the fair market value.

---

[1]The record in this second appeal indicates clearly that Mr. Clement and Ms. Clement cooperated in the sale of this property, stipulated to the sale price, and that the sale constituted a bona fide and arms-length transaction. By letter dated February 17, 2006, the parties informed the trial court of the transaction.

As reflected by the two alternate methods of payment suggested by the appellate court, at the time the first appeal was pending, Mr. Clement continued to reside in the marital home and there had been no decision about whether the property would be sold. Therefore, the table at the conclusion of the appellate opinion, setting forth the division of marital property, valued each party's interest in the marital home at $927,839, based on an equal division of the appraised, or estimated, fair market value of the property. Had the property not been sold, Mr. Clement would have been required to purchase Ms. Clement's interest in the marital home for half of the appraised value, $927,839. Because the property was in fact sold, calculation of each party's interest must be based on the true fair market value, the actual sales price. Under these circumstances, Ms. Clement was not entitled to receive more than half of the proceeds simply because the property was sold for a price less than the value at which it was appraised. *See id.* at *7, 10, 22-23. To hold otherwise would be contrary to the clear directive by this Court that the marital property be divided equally.

Therefore, the trial court properly held in its March 1, 2006 order that the parties' equal division of the real estate proceeds was in fact an equitable division in accordance with this Court's Opinion in Ms. Clement's first appeal. Accordingly, the trial court's decision on this issue is affirmed.

On appeal, Ms. Clement also contends that the trial court erred in denying her request for post-judgment interest on her share of the equity value in the River Tide Cove property, pursuant to section 47-14-122 of the Tennessee Code Annotated.[2] It is well-settled that the post-judgment interest statute is mandatory, and that trial courts cannot ignore it. *Vooys v. Turner*, 49 S.W.3d 318, 322 (Tenn. Ct. App. 2001); *see also Inman v. Inman*, 840 S.W.2d 927, 932 (Tenn. Ct. App. 1992). However, "[a] party's right to postjudgment interest is based on that party's entitlement to use the proceeds of the judgment after the award." *Vooys*, 49 S.W.3d at 322; *see also Williams v. Williams*, No. E1999-02750-COA-R3-CV, 2000 WL 816821 (Tenn. Ct. App. June 23, 2000) ("[T]he rule is that the statutory interest does not begin to accrue until the party awarded judgment becomes entitled to the money.").

In the instant case, as noted above, the award to Ms. Clement was not a sum-certain money judgment from which statutory interest would ordinally accrue, and Ms. Clement did not have a right to the use of the proceeds representing her interest in the property until either the trial court determined a proper method of payment or the property was sold. Accordingly, we find no merit in this argument. The trial court's decision on this issue is affirmed.

Ms. Clement also asserts on appeal that the trial court in effect modified the valuation of the River Tide Cove property established in the first appeal of this case. In light of the holding of this Court, this issue is pretermitted.

---

[2]This statute provides that: "Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial." T.C.A. § 47-14-122.

Finally, Ms. Clement seeks her attorney's fees for prosecuting this appeal, a matter which is within the sound discretion of this Court. ***See Archer v. Archer***, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). This request is denied.

The decision of the trial court is affirmed. Costs of this appeal are to be taxed to Defendant/Appellant Janet Leigh Traylor Clement, and her surety, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE