IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 23, 2011 Session

## DAWN A. MOSS v. WILLIAM BARRY MOSS

**Appeal from the Chancery Court for Williamson County**
**No. 33311      Robbie T. Beal, Judge**

_____

**No. M2010-01064-COA-R3-CV - Filed April 15, 2011**

_____

At issue is when Husband shall pay $250,000 in cash awarded to Wife in the division of the marital estate and whether post-judgment interest shall accrue. In the Final Decree, payment of the $250,000 was deferred pending Husband's receipt of an expected inheritance from his recently deceased uncle. The Decree, however, expressly provided that Wife could petition the court for relief in the event the deceased uncle's estate was not closed within one year. As authorized by the trial court, one year later, Wife filed a motion requesting that Husband be ordered to pay the $250,000 award. The trial court denied Wife's request for immediate payment of the money and denied her request for post-judgment interest. Wife appeals contending that the trial court erred in not awarding the immediate payment of the full amount and post-judgment interest. Finding it inequitable for Husband to have the use and benefit of the marital estate, much of which is income producing, while Wife is deprived of the bulk of her share of the marital estate, we reverse and remand with instructions for the entry of a judgment in favor of Wife of $250,000 plus post-judgment interest from the filing of the motion for relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, Dawn Annette Moss.

Russ Heldman, Franklin, Tennessee, for the appellee, William Barry Moss.

### OPINION

William Barry Moss ("Husband") and Dawn Annette Moss ("Wife") were divorced by entry of a Final Judgment on December 15, 2008. In the Final Decree of Divorce,

Husband was awarded the marital residence and the family farm valued at $580,000. The trial court stated that it awarded the residence and farm to Husband, because it was unreasonable for Husband to have to sell the residence and the farm. Husband was also awarded farm equipment valued at $200,000 and numerous vehicles. For her part, Wife was awarded Husband's interest in a chalet in Gatlinburg (which he co-owned with his now deceased uncle[1]), various items of marital property of modest value, and a cash award of $250,000, payment of which was stayed until Husband received an expected inheritance from his deceased uncle's estate.

The Final Decree stated that Husband shall pay Wife the $250,000 awarded to Wife within thirty days of his uncle's estate being closed. The Final Decree also stated: "In the event the [deceased uncle's] estate is not closed within the next twelve (12) months, [Wife] may petition the Court for relief to obtain the $250,000."

A year later, the uncle's estate had not closed and the $250,000 award to Wife had not been paid to Wife. Accordingly, on December 7, 2009, Wife filed a Motion for Relief from Judgment pursuant to Tenn. R. Civ. P. 60.02 requesting that Husband pay the $250,000 within 30 days. Wife contended that she needed immediate payment because she was suffering an economic hardship.

Her motion was heard on March 23, 2010, following which the trial court denied Wife's request for immediate payment of the $250,000. The trial court also denied Wife's oral motion for post-judgment interest; however, the court ordered Husband to pay Wife $417.00 a month until the closing of Husband's deceased uncle's estate, which payments would be credited against the $250,000 award. Wife filed a timely appeal.

**ANALYSIS**

Wife contends that the trial court erred in failing to lift the stay on payment of the $250,000 award and in failing to grant post-judgment interest on the award. For his part, Husband contends that the trial court erred in awarding Wife $417.00 a month. He also contends that Wife's appeal is frivolous and therefore he is entitled to attorney's fees and expenses incurred on this appeal.

I.

In her post-judgment motion, Wife asserts that she is entitled to relief pursuant to Tenn. R. Civ. P. 60.02. Although she did not identify the specific subsection within the rule

---

[1]Husband was expected to inherit the remaining interest in the chalet from his uncle; if and when he did, Husband was ordered to convey all of his interest to Wife.

that she was seeking relief under, it is obvious that she is seeking relief under Tenn. R. Civ. P. 60.02(5), which provides that a party may seek relief from a judgment for "any other reason justifying relief from the operation of the judgment." When Wife filed her Tenn. R. Civ. P. 60.02 motion, she had not been paid any portion of the $250,000 award; thus, she was seeking the relief the trial court implicitly offered in the Final Decree. Moreover, because the Final Decree had become a final judgment by December 7, 2009, when the motion for relief was filed, a Rule 60.02 motion was the appropriate means to pursue the relief implicitly suggested in the Final Decree, modification of the final judgment to lift the stay on execution of the $250,000 award.

II.

The $250,000 cash award to Wife was the only significant award to Wife in the division of the marital estate, while Husband was awarded the marital residence, the farm, and the farm equipment with a total value in excess of $800,000. The equitable division of the marital estate is not at issue in this appeal. Moreover, we do not question the propriety of the trial court's decision to temporarily defer the payment of the $250,000 award to Wife in the Final Decree. This is due, in part, to the fact that Husband was expected to inherit substantial cash from his uncle's estate within the next twelve months and the trial court's desire to avoid a hardship on Husband because he had few liquid assets at the time of the divorce. However, it is evident that the trial court and the parties contemplated that the $250,000 would likely be paid by Husband to Wife within twelve months and, in the event it was not, then Wife could petition the court for relief from the temporary stay in order to receive her $250,000 award.[2]

Following the hearing on the Rule 60.02 motion, the trial court modified the Final Decree by ordering Husband to pay Wife $417 per month, but the court denied Wife's motion to lift the stay on the $250,000 and to award post-judgment interest until it was paid. A trial court's decision to deny relief under Rule 60.02 is reviewed under an abuse of discretion standard. *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996). "A trial court abuses its discretion only when it 'applies an incorrect legal standard, or reaches a decision which is against logic or reasoning *or that causes an injustice to the party complaining*.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)) (emphasis added). We believe depriving Wife of the benefit of the most

[2]In this footnote, we acknowledge that Husband asserted repeatedly that the $250,000 award to Wife was not an award of "a present interest in her share of the marital assets." Instead, he asserted the Final Decree "awarded Ms. Moss a *future* interest in her share of the estate proceeds," referring to the estate of Husband's uncle, of which she was not a beneficiary. We welcome zealous advocacy within the bounds of the facts and law of a case, however, we find no factual or legal basis for Husband's strained construction of the Final Decree on this issue.

substantial award from the marital estate combined with denying her request for post-judgment interest causes an injustice to Wife. This is due in part to her dire economic circumstance and the fact that Husband not only has the use and benefit of his share of the marital estate, which is substantial, and of which the farming operation is income producing.

Wife testified at the hearing that she was currently on food stamps, that she had to borrow money from friends and family to meet her needs, that she was about to lose her current residence because it was being sold by the owners, and that she had been unable to find a job, therefore, she would not be able to establish utilities or pay a deposit on a new residence or apartment. The record also reveals that Wife did not work outside of the home during the marriage, except on the family farm; that she stayed home to raise the parties children during the marriage; and that she has no college education and no job skills.[3] Husband did not take the stand to testify, however, the court noted in the order entered September 9, 2009, that Husband informed the court that he did not have the ability to pay the judgment and he could not borrow the money to pay it.

Considering the equities of this case, particularly the fact that Husband has already been able to defer paying the award for more than two years and Wife's desperate financial circumstance, we find it is no longer appropriate to defer Husband's obligation to pay the $250,000 award.

We have also concluded that post-judgment interest should accrue on the cash award of $250,000. Cash awards in divorce cases are money judgments which are subject to post-judgment interest under Tenn. Code Ann. § 47-14-121. *Martin v. Martin*, No. W200800015COAR3CV, 2009 WL 454009, at *11 (Tenn. Ct. App. Feb. 24, 2009) (citing *Haren v. Haren,* No. 03A01-9707-CV-00253, 1998 WL 10358, at *4 (Tenn. Ct. App. Jan. 13, 1998) (citing *Inman v. Inman,* 840 S.W.2d 927, 931 (Tenn. Ct. App.1992)) (holding a husband was required to pay post-judgment interest on a cash award to wife for her share of the marital estate). We also note that Tenn. Code Ann. § 47-14-121 is a mandatory statute, which provides that interest on judgments "*shall* be computed at the effective rate of ten percent (10%) per annum," except as provided by statute or contract. *Id*.

We take no issue with the trial court's decision to not award post-judgment interest from the time of the entry of the original final judgment as Wife did not appeal from the Final Decree. However, now that Wife has put the issue of post-judgment interest before the trial court and this court, we are obliged to follow the statutory requirements stated in Tenn. Code Ann. § 47-14-121 and the holdings in the numerous cases that follow the statute. "A

---

[3]Wife testified that she tried unsuccessfully to obtain employment at Dollar General, Walmart, and Tractor Supply Company.

party's right to postjudgment interest is based on that party's entitlement to use the proceeds of the judgment after the award." *Vooys v. Turner*, 49 S.W.3d 318, 322 (Tenn. Ct. App. 2001) (citing *West Am. Ins. Co. v. Montgomery*, 861 S.W.2d 230, 232 (Tenn.1993)); *see also Williams v. Williams*, No. E1999-02750-COA-R3-CV, 2000 WL 816821 (Tenn. Ct. App. June 23, 2000) ("[T]he rule is that the statutory interest does not begin to accrue until the party awarded judgment becomes entitled to the money."). In this action, Wife was not immediately entitled to the award, as the trial court deferred the payment for a year. *See Hester v. Hester*, M2004-03023-COA-R3CV, 2006 WL 3742871, at *8 (Tenn. Ct. App. Dec. 19, 2006) (holding post-judgment interest was not required on a marital property award ordered to be paid in monthly installments). However, we have determined that Wife is entitled to payment of the $250,000 award. Therefore, we find she is also entitled to post-judgment interest accruing from the date she filed her Motion for Relief from Judgment, which was on December 7, 2009.

### III.

Husband contends the trial court erred in ordering him to pay Wife $417 per month until the judgment is satisfied. In that we have awarded Wife a $250,000 judgment upon which Wife may execute, the necessity of a $417 a month payment is negated. Therefore, we reverse the trial court's order for Husband to pay $417 a month. If and to the extent Husband made payments to Wife pending this appeal, Husband shall be entitled to a credit against the $250,000 judgment, but not a refund.

### IV.

As we have ruled in Wife's favor, we find no merit to Husband's contention that Wife's appeal was frivolous and deny his request for attorney's fees and costs.

### IN CONCLUSION

The judgment of the trial court is reversed and this matter is remanded with instructions to lift the stay of execution on the award of $250,000 to Wife, to allow execution on the judgment, and to award post-judgment on the $250,000 judgment accruing from December 7, 2009. Costs of appeal are assessed against William Barry Moss.

_____
FRANK G. CLEMENT, JR., JUDGE