IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 8, 2016 Session

## RAINES BROTHERS, INC. v. H. MICHAEL CHITWOOD ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 11C286     W. Jeffrey Hollingsworth, Judge**

_____

**No. E2015-01430-COA-R3-CV-FILED-MAY 24, 2016**

_____

This is the second appeal in this contract action, which stems from the failure of the defendant, H. Michael Chitwood, to pay for construction work performed by the plaintiff, Raines Brothers, Inc. ("Raines"). The work was performed on a home occupied by Mr. Chitwood but owned by a trustee, James Dreaden, who was also named as a defendant in the original action. Following a bench trial, the trial court awarded Raines a judgment against Mr. Chitwood and Mr. Dreaden (collectively, "Defendants") in the amount of $66,762.71. The trial court also awarded prejudgment interest at the rate of eighteen percent per annum, beginning August 14, 2007. The trial court denied Raines's claim for attorney's fees. Following a timely appeal by Defendants, this Court determined that Raines adequately proved its entitlement to the trial court's judgment of $66,762.71 against Mr. Chitwood but reversed the trial court's judgment against Mr. Dreaden. This Court modified the trial court's award of the rate of interest from eighteen percent per annum to ten percent in accordance with relevant statutory and case law. This Court also reversed the trial court's denial of Raines's claim for attorney's fees pursuant to the parties' contract and remanded for a determination of the proper amount of interest to be charged, as well as a reasonable award of attorney's fees. Following remand, the trial court awarded attorney's fees and expenses in the amount of $217,211.89, deducting $66,368.30 from the fees claimed because no request for fees was made during the first appeal. Calculating simple interest at ten percent per annum, the court found that the proper amount of interest to be awarded on the principal balance was $40,613.98. The court also ruled that postjudgment interest would accrue on the original judgment at the statutory rate beginning September 5, 2013, until the balance was paid and on the attorney's fee award from May 1, 2015, until the balance was paid. Raines has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Sheri A. Fox, Lookout Mountain, Georgia, for the appellant, Raines Brothers, Inc.

R. Wayne Peters and Gary L. Henry, Chattanooga, Tennessee, for the appellees, H. Michael Chitwood and James S. Dreaden.

**OPINION**

I. Factual and Procedural Background

Although the facts established in the underlying appeal were fully explained in this Court's earlier opinion, *see Raines Bros., Inc. v. Chitwood*, No. E2013-02232-COA-R3-CV, 2014 WL 3029274 at *1 (Tenn. Ct. App. July 3, 2014) ("*Raines I*"), *perm. app. denied* (Tenn. Nov. 19, 2014), we will briefly review those facts pertinent to this appeal. The construction contract between Mr. Chitwood and Raines was a "cost-plus" contract, providing that Mr. Chitwood would pay the cost of the work plus a certain percentage for overhead and profit. Raines claimed that Mr. Chitwood failed to pay for all of the work performed, such that he owed Raines $66,762.71 plus interest. Mr. Chitwood did pay a total of over $2,000,000.00 for some of the work.

Raines filed suit to recover the remaining balance and also named Mr. Chitwood's wife, Deborah Chitwood, and Mr. Dreaden as defendants. Raines's claims included breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, quantum meruit, and conversion. Raines also sought attorney's fees pursuant to the terms of the construction contract, as well as injunctive relief to prevent Mr. Dreaden from selling the property or otherwise interfering with Raines's ability to execute on it. Raines later entered a voluntary nonsuit as to its claims against Mrs. Chitwood following her death. The trial court granted partial summary judgment on the claim for injunctive relief. Defendants filed a counter-claim alleging that Raines was liable for breach of contract, promissory fraud, breach of the duty of good faith and fair dealing, unjust enrichment, quantum meruit, and conversion.

A trial was held on July 25, 2013. Following the presentation of Raines's proof, Defendants voluntarily nonsuited their counter-claims against Raines. Defendants then rested without presenting any evidence and moved for an involuntary dismissal of Raines's claims. The trial court dismissed Raines's claim for attorney's fees but awarded Raines a judgment against Mr. Chitwood and Mr. Dreaden for $66,762.71, plus

prejudgment interest at a rate of eighteen percent beginning August 14, 2007. Defendants appealed that judgment to this Court.

This Court affirmed the trial court's judgment against Mr. Chitwood in the amount of $66,762.71. This Court dismissed the judgment against Mr. Dreaden, who was not a party to the construction contract. This Court also modified the rate of prejudgment interest from eighteen percent per annum to ten percent and reversed the trial court's denial of Raines's claim for attorney's fees pursuant to the fee-shifting provisions in the parties' contract. This Court remanded the case to the trial court for determination of (1) a reasonable award of attorney's fees and (2) the proper sum of prejudgment interest to be awarded.

Mr. Chitwood filed an application for permission to appeal with the Tennessee Supreme Court, which was denied. Mandate issued on November 20, 2014. On December 22, 2014, Raines filed an application for fees and interest with the trial court. Due to the retirement of the original trial judge, Jacqueline Bolton, while the case was on appeal, Judge Jeffrey Hollingsworth was assigned to hear the case after remand.

In its application for fees and interest, Raines sought attorney's fees and costs in the amount of $283,580.19 through November 30, 2014. Raines also requested an additional award of fees and costs incurred through full satisfaction of the judgment by Mr. Chitwood. Raines further sought an award of prejudgment interest totaling $87,211.45, based on interest at a rate of ten percent, calculated using a compound method, and postjudgment interest.

Defendants objected to both the amount of attorney's fees sought and the calculation of interest. Pursuant to Defendants' request, Raines produced its engagement letter with its counsel and detailed billing statements but asked that those documents be filed under seal for the trial court's in camera review. The court granted the request to file the documents under seal, allowing Defendants access to only redacted copies of the billing statements. Defendants disputed many of the fee charges, claiming that the charges were unnecessary or unreasonable. Defendants also argued that fees incurred on appeal could not be awarded because Raines did not request fees in its appeal to this Court. With regard to interest, Defendants asserted that the interest should be calculated using a simple-interest method. The trial court conducted no evidentiary hearing following remand; rather, the court allowed the parties to file various motions and documents presenting their positions regarding attorney's fees and interest.

The trial court subsequently entered an order, determining that Raines was entitled to all fees incurred until the date of the first appeal but subtracting the amount of fees incurred on appeal of $66,368.30. The trial court also failed to award any additional fees

incurred after the remand, although its order implied that such fees could be recoverable pursuant to the terms of the parties' contract. With regard to prejudgment interest, the trial court determined that interest should be calculated utilizing a simple-interest method, rather than a compound method. The court also determined that postjudgment interest would accrue at the statutory amount. Raines filed a motion to alter or amend, which the trial court largely denied, making one minor correction to the calculation of prejudgment interest in the prior order. Following entry of the trial court's second order regarding fees and interest, Raines timely filed this appeal.

## II. Issues Presented

Raines presents the following issues for our review, which we have restated slightly:

1.  Whether the trial court erred by deducting from Raines's fee award the $66,368.30 in attorney's fees and costs incurred in defending the first appeal.

2.  Whether the trial court erred by awarding only the attorney's fees incurred by Raines through the trial court verdict, despite language in the parties' contract expressly stating that Raines could recover "all" fees incurred.

3.  Whether the trial court erred by failing to establish a mechanism for review and approval of fee invoices through full satisfaction of the judgment.

4.  Whether the trial court erred by failing to award prejudgment interest on the attorney's fees and costs awarded.

5.  Whether the trial court erred by failing to award prejudgment interest utilizing a compound method rather than a simple-interest method.

6.  Whether the trial court erred by failing to specify that postjudgment interest would accrue at the rate of ten percent per annum.

Defendants present the following additional issues:

7.  Whether the trial court erred by awarding to Raines attorney's fees incurred in relation to issues upon which Raines did not prevail.

8.     Whether the trial court erred by allowing Raines to file its engagement letter and unredacted invoices under seal while only permitting Defendants to review redacted invoices.

9.     Whether the trial court erred by approving Raines's statement of evidence when there was no evidentiary hearing and the statement contains only a summary and argument.

10.    Whether the trial court's disbursement to Raines of an amount of money sufficient to satisfy the trial court's judgment should suspend the accrual of postjudgment interest.

### III. Standard of Review

As our Supreme Court has elucidated with regard to a reasonable attorney's fee award:

The trial court's determination of a reasonable attorney's fee is "a subjective judgment based on evidence and the experience of the trier of facts," *United Med. Corp. of Tenn., Inc. v. Hohenwald Bank & Trust Co.,* 703 S.W.2d 133, 137 (Tenn. 1986), and Tennessee has "no fixed mathematical rule" for determining what a reasonable fee is. *Killingsworth v. Ted Russell Ford, Inc.,* 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002). Accordingly, a determination of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. *Kline v. Eyrich,* 69 S.W.3d 197, 203 (Tenn. 2002); *Shamblin v. Sylvester,* 304 S.W.3d 320, 331 (Tenn. Ct. App. 2009). We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. *Henderson v. SAIA, Inc.,* 318 S.W.3d 328, 335 (Tenn. 2010); *Keisling v. Keisling,* 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005). The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, *Williams v. Baptist Mem'l Hosp.,* 193 S.W.3d 545, 551 (Tenn. 2006); *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 927 (Tenn. 1998), and we will find an abuse of discretion only if the court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga–Hamilton*

5

*Cnty. Hosp. Auth.,* 249 S.W.3d 346, 358 (Tenn. 2008); *see also Lee Med., Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010).

*Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

An award of prejudgment interest is also within the sound discretion of the trial court, and the decision will not be disturbed by an appellate court "unless the record reveals a manifest and palpable abuse of discretion." *Otis v. Cambridge Mut. Fire Ins. Co.,* 850 S.W.2d 439, 446 (Tenn. 1992). Postjudgment interest, on the other hand, is mandatory pursuant to Tennessee Code Annotated § 47-14-122. *See Vooys v. Turner*, 49 S.W.3d 318, 321 (Tenn. Ct. App. 2001).

## IV. Attorney's Fee Award

Raines asserts that the trial court erred in its determination of a reasonable award of attorney's fees for three reasons: (1) deduction of attorney's fees and costs incurred during the first appeal, (2) failure to award any attorney's fees and costs incurred after the original verdict, and (3) failure to employ a mechanism for the submission and approval of continuing fee claims through full satisfaction of the verdict. Defendants contend that the fees awarded were excessive because Raines should not have been allowed to recover fees related to issues upon which Raines did not ultimately prevail.

### A. Attorney's Fees Incurred During First Appeal

The trial court determined that Raines could not collect any attorney's fees incurred in defending the first appeal because Raines did not ask for those fees to be awarded in its appellate brief filed with this Court. The trial court relied upon our Supreme Court's opinion in *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 410-11 (Tenn. 2006), wherein the Court stated:

> We agree with the intermediate appellate court's conclusion on this issue: "when a party is seeking attorney fees incurred on an appeal, that request, absent any statute or rule directing otherwise, must be directed first to the appellate court in a timely fashion." Our rules of appellate procedure require an appellant to set forth in his or her brief "[a] statement of the issues presented for review." Tenn. R. App. P. 27(a)(4) (2006). A claim for appellate attorney's fees is an issue that should be set before the appellate court because a remand to the trial court is not a foregone conclusion. Also, as [the defendant] points out in its brief to this Court, subsection (a)(8) of Rule 27 provides that an appellant's brief shall contain "[a] short conclusion, stating the precise relief sought." Tenn. R. App. P.

27(a)(8). An award of attorney's fees generated in pursuing the appeal is a form of relief; the rule requires it to be stated.

Raines contends that the trial court improperly relied upon *Killingsworth*, arguing that a later opinion of this Court clarifies that *Killingsworth* does not apply to a case wherein the parties have executed an agreement that encompasses the payment of attorney's fees. *See Edwards v. Carlock Nissan of Jackson, LLC*, No. W2006-01316-COA-R3-CV, 2007 WL 1048952 at *8 (Tenn. Ct. App. Apr. 9, 2007). In *Edwards*, however, this Court did not address the timing of the party's request for attorney's fees on appeal because there was no question that the party seeking fees on appeal properly raised the issue in his appellate brief. *Id.* at *4. Rather, this Court addressed whether fees could be awarded on appeal pursuant to our Supreme Court's holding in *Killingsworth*, which involved the violation of a statute that specifically allowed for recovery of attorney's fees. *Id.* at *8; *see also* Tenn. Code Ann. § 47-18-109(e)(1). This Court "decline[d] to extend the reasoning of that case [*Killingsworth*] to the one at bar, which does not involve violation of a statute but, rather, breach of contract." *Id.* This Court ultimately determined that fees could be awarded because the parties' agreement allowed for the recovery of attorney's fees and did not limit the recovery of fees to the trial level. *Id.*

The *Edwards* Court relied upon the parties' agreement as authority for its award of fees, rather than the *Killingsworth* decision, because in *Killingsworth* our Supreme Court addressed whether fees could be recovered pursuant to a fee-shifting provision in a statute. *Id.* This Court did not, however, touch upon the question of whether a party could be awarded fees on appeal when such fees were not requested at the appellate level. *Id.* Therefore, *Killingsworth* remains mandatory authority for the proposition that "'when a party is seeking attorney fees incurred on an appeal, that request, absent any statute or rule directing otherwise, must be directed first to the appellate court in a timely fashion.'" *Killingsworth*, 205 S.W.3d at 410 (quoting *Killingsworth v. Ted Russell Ford, Inc.*, No. E2004-02597-COA-R3-CV, 2006 WL 26355 at *7 (Tenn. Ct. App. Jan. 5, 2006)). Because Raines did not seek an award of attorney's fees in the first appeal, the trial court properly deducted those fees from the amount awarded. We affirm the trial court's deduction of $66,368.30 as the amount of fees incurred on appeal.[1]

B. Fees Incurred Following Appeal

Raines asserts that it has amassed a substantial amount of attorney's fees following the first appeal and remand in this action and that the trial court erred in failing to

---

[1] We note that neither party has raised an issue regarding whether this amount properly reflects the amount of fees Raines incurred in the first appeal; therefore, we accept the trial court's finding regarding the amount.

consider that such fees would continue to mount until the judgment was fully satisfied. According to Raines, the parties' agreement provides that if a dispute between the parties results in litigation, the prevailing party is entitled to recover "reasonable costs, expenses, and fees incurred." We agree with Raines that the parties' contract contained the following provision:

> The Owner and RBI [Raines] agree to resolve all claims or disputes arising out of or relating to the Contract by working together until an agreeable solution is found. In the event a mutual resolution cannot be found and the dispute results in litigation, the prevailing party shall be entitled to reimbursement by the other party for reasonable costs, expenses, and fees incurred.

There is no question that Raines was the prevailing party in the original action. As in *Edwards*, the language of the parties' agreement does not limit the recovery of fees and costs to the trial court level. *See Edwards*, 2007 WL 1048952 at *8. The issue thus becomes one of reasonableness.

### C. Reasonableness of Fee Award

Regarding the reasonableness of the fees sought, the trial court stated:

> It must be noted that this Court's initial impression was that it would be difficult to justify attorney's fees of $283,580.19 on [a] $66,000.00 collection case. In reviewing the pleadings and the detailed billing records provided by the Plaintiff's counsel, and based on the findings and reasoning set forth below, the Court does find that attorney's fees and expenses in the amount of $217,211.89 are justified and will be awarded.

> **Reasonableness of Fees**

> The Pleadings reviewed by this Court indicated that the Plaintiff tried to settle the matter before filing suit. Those efforts were unsuccessful. When suit was filed by the Plaintiff, it was for collection of an amount the Plaintiff claimed due on the construction contract between the parties. In response, the Defendants filed an answer and counterclaim for breach of contract, promissory fraud, breach of duty of good faith and fair dealing, unjust enrichment, quantum meruit and conversion. At trial, the Defendants non-suited the claims against the Plaintiff and presented no evidence in contravention of the Plaintiff's case. The trial court found substantial evidence in favor of Plaintiff's claims.

The trial court proceeded to review various other factors regarding the reasonableness of the fees claimed, including that (1) the fee agreement was in writing and detailed hourly rates and the scope of retention; (2) the legal issues were not novel or difficult, and the time spent on research was not extensive; (3) there appeared to be no duplication of work by lawyers or paralegals; and (4) the hourly rates charged were in accordance with the rates charged by other large firms in the geographical area. *See generally* Tenn. R. S. Ct. 8, RPC 1.5. The court further noted that the fees for time spent preparing to defend against Defendants' counter-claims should be awarded.

Following its discussion of the fees incurred on appeal, the trial court stated:

The next question is whether the Plaintiff may recover for fees generated in its effort to collect the attorney's fees from the trial. The contract provision regarding fees states as follows:

"In the event a mutual resolution cannot be found and the dispute results in litigation, the prevailing party shall be entitled to reimbursement by the other party for reasonable costs, expenses and fees incurred."

If not for the holding of the Supreme Court in the Killingsworth case, this Court [the trial court] would have included appellate fees in its award due to the language of the contract. Therefore, the fees incurred by the Plaintiff to determine and recover the attorney's fees to which it is entitled under the contract are recoverable. Therefore, the Court awards the Plaintiff attorney's fees and expenses in the amount of $217,211.89.

Raines subsequently filed a motion to alter or amend, seeking an additional award of $85,786.43 for attorney's fees incurred from November 20, 2014, through May 22, 2015. Raines also asked the court to reconsider its ruling regarding attorney's fees incurred during the first appeal and to establish a mechanism by which Raines could continue to seek fee awards until its collection efforts were successful. The court subsequently entered an order affirming its ruling regarding attorney's fees incurred during the first appeal. The court further noted that "Plaintiff seems to be asking this Court to create a mechanism by which it can continue to submit attorney's fees to be approved. The Court declines that invitation."

Following our thorough review of the record, we note that Raines consistently sought attorney's fees for its post-appeal efforts to collect the judgment and supplemented its fee claim on more than one occasion as the claim amount increased. Based upon the trial court's original order awarding attorney's fees and its order

following Raines's motion to alter or amend, we conclude that the trial court considered the total amount of attorney's fees sought, including the additional fees claimed for collection efforts following the appeal. The court awarded what it found to be a reasonable fee amount. As previously explained, "The trial court's determination of a reasonable attorney's fee is 'a subjective judgment based on evidence and the experience of the trier of facts,' and Tennessee has 'no fixed mathematical rule' for determining what a reasonable fee is." *Wright*, 337 S.W.3d at 176 (internal citations omitted). We determine that the trial court did not abuse its discretion in determining a reasonable amount of fees to be awarded herein. *See id.* ("[A] determination of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion.").

Conversely, Defendants contend that the trial court's award of attorney's fees was excessive because Raines was awarded fees relating to issues upon which Raines did not ultimately prevail, such as its claims against Mrs. Chitwood and Mr. Dreaden that were subsequently dismissed. Defendants rely upon this Court's opinion in *Hosier v. Crye-Leike Commercial, Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740 at *7-8 (Tenn. Ct. App. July 17, 2001) in support of their position. A review of that opinion, however, demonstrates that it actually supports the trial court's award in this case. In *Hosier*, this Court stated:

> As a final argument, Crye-Leike asserts that Dr. Hosier's legal fee is unreasonable in light of the factors in Tenn. S.Ct. R. 8, DR 2-106(B). While it appears to have abandoned its claim that the $180 hourly rate was too high, Crye-Leike asserts that the fee is unreasonable because Dr. Hosier's lawyer spent more time on the case that it warranted and because most of the lawyer's time was spent pursuing Dr. Hosier's ill-fated tort claims. These arguments are not supported by the record.
>
> The reasonableness of requested attorney's fees depends on the facts of each case, *Fell v. Rambo,* 36 S.W.3d [837,] 853 [(Tenn. Ct. App. 2000)]; *Alexander v. Inman,* 903 S.W.2d 686, 695 (Tenn. Ct. App. 1995), not on the prevailing customs in the area. *Adams v. Mellen,* 618 S.W.2d 485, 489 (Tenn. Ct. App. 1981). Reasonableness determinations should be guided by the factors in Tenn. S. Ct. R. 8, DR 2-106(B). *White v. McBride,* 937 S.W.2d [796,] 800 [(Tenn. 1996)]; *Connors v. Connors,* 594 S.W.2d 672, 676-77 (Tenn. 1980); *Albright v. Mercer,* 945 S.W.2d [749,] 750-51 [(Tenn. Ct. App. 1996)]; *Alexander v. Inman,* 903 S.W.2d at 695. The time expended and the hourly rate charged are only two of the many factors influencing the reasonableness of a particular fee. *United Med. Corp. of Tenn., Inc. v. Hohenwald Bank & Trust Co.,* 703 S.W.2d 133, 136 (Tenn.

10

1986). Other factors include the nature of the services rendered, the novelty and difficulty of the issues involved, the skill required to perform the services properly, the results obtained, and the experience, skill, and reputation of the attorney performing the services. *Connors v. Connors,* 594 S.W.2d at 676.

*Hosier*, 2001 WL 799740 at *7-8. Similarly, here, the reasonableness of the fee should not be determined solely by the fact that Raines did not ultimately prevail on every claim it asserted. Raines prevailed in obtaining a judgment against Mr. Chitwood for amounts due under the parties' contract. Pursuant to the parties' contract, Raines was entitled to be awarded a reasonable amount of attorney's fees and costs incurred in obtaining said judgment and in pursuing satisfaction thereof. We find no abuse of discretion in the trial court's determination of a reasonable fee award, and we affirm the attorney's fee award in the amount of $217,211.89.

## V. Prejudgment Interest

The trial court calculated prejudgment interest at the rate of ten percent per annum on the underlying $66,762.71 judgment, as directed by this Court's opinion following the first appeal. Raines asserts that the trial court erred in determining the amount of the prejudgment interest award because the trial court failed to (1) calculate the award by using compound interest rather than simple interest and (2) award prejudgment interest on the underlying judgment and the attorney's fee award.

The statute concerning prejudgment interest, Tennessee Code Annotated § 47-14-123 (2013), provides:

> Prejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum; provided, that with respect to contracts subject to § 47-14-103, the maximum effective rates of prejudgment interest so awarded shall be the same as set by that section for the particular category of transaction involved.

With regard to compounding interest, our Supreme Court has interpreted Tennessee Code Annotated § 47-14-123 as follows:

> [W]e are in disagreement with the trial court's use of compound interest in calculating the [prejudgment interest] award. When interpreting statutes it

is fundamental that the legislative intent be determined from the plain language contained therein and read in the context of the entire statute, without any forced or subtle construction that would extend or limit the meaning of the statute. *National Gas Distributors, Inc. v. State,* 804 S.W.2d 66 (Tenn. 1991). The language of T.C.A. 47-14-123 provides for the award of prejudgment interest based upon equitable principles. By the plain meaning of its terms the statute limits awards of equitably awarded prejudgment interest to 10% per annum per year. To interpret the statute to mean compound interest is authorized constitutes a forced construction that impermissibly extends the intent of the legislature. The award of prejudgment interest should be calculated at simple interest with a 10% per annum cap.

*Otis*, 850 S.W.2d at 446-47.

In the case at bar, the award of interest was not made solely pursuant to the above-quoted statutory section but was also based upon the parties' agreement. The parties' contract provided that if an invoice was not timely paid, Mr. Chitwood would pay "any costs to RBI [Raines] associated with the collection of any past due payments due RBI [Raines] including interest." Because the contract did not specify a rate of interest, this Court supplied the rate of ten percent per annum pursuant to Tennessee Code Annotated § 47-14-103 (providing a maximum interest rate of ten percent) and Tennessee Code Annotated § 47-14-123. *See Raines I.* Inasmuch as the parties' contract also did not provide for the addition of compound interest, we conclude that the trial court's award of simple interest was proper based upon the Supreme Court's instruction in *Otis*. *See* 850 S.W.2d at 446-47.

Raines also contends that the trial court erred by failing to award prejudgment interest on the attorney's fee award. We note that prejudgment interest is typically only assessed on an obligation amount that is certain. *See Mitchell v. Mitchell*, 876 S.W.2d 830, 832 (Tenn. 1994). In this case, the amount of the attorney's fee award was not set until the trial court determined such amount following remand. Therefore, the trial court did not err in failing to award prejudgment interest on the amount of the attorney's fee award in addition to the amount of the underlying judgment. We therefore affirm the trial court's award of prejudgment interest in the amount of $40,613.98.[2]

---

[2] We note that neither party has raised an issue regarding whether the trial court accurately calculated simple interest of ten percent per annum on the principal amount; therefore, we accept the trial court's calculation.

# VI. Postjudgment Interest

As to postjudgment interest, the parties do not dispute the trial court's reliance on Tennessee Code Annotated § 47-14-122 (2013), which provides:

> Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial.

This Court has previously construed this statutory section as mandatory. *See Vooys*, 49 S.W.3d at 321. The dispute between the parties regarding postjudgment interest, however, hinges upon whether the rate should be ten percent per annum, in accordance with this Court's prior opinion regarding prejudgment interest, or 5.25 percent per annum, in accordance with Tennessee Code Annotated § 47-14-121 (2013). The trial court ruled that postjudgment interest should be calculated using the "statutory amount." We agree. This Court was not presented any issue regarding postjudgment interest in *Raines I.*

We conclude that it is appropriate that the respective interest rate be set pursuant to Tennessee Code Annotated § 47-14-121. We also note that, in accordance with the plain language of Tennessee Code Annotated § 47-14-122, such interest should be computed on the principal judgment beginning on September 5, 2013, the date that the original judgment was entered by the trial court. With regard to the attorney's fee award, postjudgment interest would have begun to accrue on May 1, 2015, the date that the attorney's fee award was entered by the trial court. The trial court properly determined these dates in its calculation of postjudgment interest.

Defendants contend that they paid into the trial court clerk's office an amount sufficient to cover the initial judgment and fee award and that the trial court ordered these funds disbursed to Raines on June 11, 2015. Defendants posit that this satisfied both the initial judgment and the attorney's fee award, such that postjudgment interest would no longer accrue after June 11, 2015. Raines asserts that the trial court made no determination regarding whether the judgment had been fully satisfied or whether postjudgment interest should accrue following the disbursement of funds. Therefore, Raines insists that this Court cannot rule on this issue because it was never ruled upon by the trial court. Upon our review of the record, we disagree.

The trial court's June 11, 2015 order authorizing the disbursement of $336,389.17 to Raines expressly states that Raines is to be paid the following amounts:

| Principal balance | $66,762.71 |
| Prejudgment interest | 41,138.69 |
| Attorney's fees | 217,211.89 |
| Post-judgment interest at 5.25% | 9,994.92 |
| (on principal and prejudgment interest balance from 9/5/2013 to 6/11/2015) | |
| Post-judgment interest at 5.25% | 1,280.96 |
| (on attorney's fee award from 5/1/2015 to 6/11/2015) | |

The trial court noted that its disbursement authorization was made without prejudice to the parties' ability to appeal or the court's decision on Raines's motion to alter or amend. Ultimately, the only modification the court made to its prior decision pursuant to the motion to alter or amend was a correction of the prejudgment interest calculation, resulting in an award in the amount of $40,613.98, rather than $41,138.69. The trial court's order allowing disbursement to Raines specified the amounts of pre- and postjudgment interest awarded and determined that postjudgment interest would cease to accrue on June 11, 2015, the date of the order allowing disbursement of funds. We conclude that postjudgment interest would not continue to accrue past that date, as properly determined by the trial court. *See, e.g., Clark v. Shoaf*, 302 S.W.3d 849, 858 (Tenn. Ct. App. 2008) (explaining that the purpose of postjudgment interest is "to compensate a successful plaintiff for being deprived of the compensation for its loss between the time of the entry of the judgment awarding the compensation until the payment of the judgment by the defendants.").

## VII. Documents Filed Under Seal

Defendants raise an issue regarding the trial court's decision to allow Raines to file under seal its engagement letter with counsel and its counsel's billing invoices. Defendants were only allowed to view redacted copies of the billing invoices due to concerns regarding attorney-client privilege and work product. Defendants insist that any charges related to redacted entries should be subtracted from the fee award, but they cite no authority in support of this position.

Raines points out that the trial court, in making its award of reasonable attorney's fees, was able to view unredacted documents and raised no concerns regarding any of the entries. Raines also argues that the trial court has discretion regarding whether to place documents under seal and that no abuse of discretion was shown in this case.

Tennessee Rule of Civil Procedure 26.03 states that "[u]pon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including allowing a party to file specified documents "in sealed envelopes

to be opened as directed by the court." As this Court has previously explained regarding the placing of documents under seal:

> To establish "good cause" under Rule 26[.03], the moving party must show that disclosure will result in a clearly defined injury to the party seeking closure. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not amount to a showing of good cause. Mere conclusory allegations are insufficient. The burden of justifying the confidentiality of each and every document sought to be covered by a protective order is on the party seeking the order.

> In determining whether good cause has been established for a protective order, it is important that trial courts balance one party's need for information against the injury that would allegedly result if disclosure is compelled.

> * * *

> [F]actors in the balance weighing in favor of a finding of good cause include: (1) the litigation involves private litigants; (2) the litigation concerns matters of private concern or of little legitimate public interest; and (3) disclosure would result in serious embarrassment or other specific harm. No particular weight is assigned to any factor, and the balancing test allows trial courts to evaluate the competing considerations in light of the facts of each individual case. The ultimate decision as to whether or not a protective order should issue is entrusted to the sound discretion of the trial court and it will not be reversed on appeal, absent a showing of abuse of discretion. The burden of establishing abuse of discretion is on the party seeking to overturn the trial court's ruling on appeal. To facilitate effective appellate review, trial courts should articulate on the record findings supporting its decision. In appropriate cases, the trial court may deem it necessary to seal that portion of the record which contains its findings, for in some circumstances, the court's open articulation of its findings would compromise the protective order.

*Ballard v. Herzke*, 924 S.W.2d 652, 658-59 (Tenn. 1996) (internal citations omitted). *See also Baugh v. United Parcel Serv., Inc.*, No. M2012-00197-COA-R3-CV, 2012 WL 6697384 at *6-7 (Tenn. Ct. App. Dec. 21, 2012) ("[T]he reasons for sealing judicial records must be 'compelling,' with the burden for demonstrating the compelling reason placed on the party seeking to prevent public access to the records.").

In the case at bar, a review of the motion seeking leave to file the engagement letter and unredacted billing statements under seal demonstrates that Raines expressed concern with "protect[ing] confidentiality and the attorney-client privilege" and preserving "protections afforded by the work product doctrine and Tenn. R. Civ. Proc. 26.02." The trial court subsequently entered an order finding the motion to be well taken, directing that the filing of such documents under seal would not waive attorney-client privilege or protections afforded by the work product doctrine and Tennessee Rule of Civil Procedure 26.02. We conclude that such reasons are indeed compelling. Pursuant to the good-cause analysis provided in *Ballard*, we note that (1) the litigation involves private litigants; (2) the litigation concerns matters of private concern or of little legitimate public interest; and (3) disclosure would result in specific harm, namely the potential waiver of attorney-client privilege. *See Ballard*, 924 S.W.2d at 659. For these reasons, we conclude that the trial court did not abuse its discretion in allowing these documents to be filed under seal.

## VIII. Statement of the Evidence

Defendants also take issue with the trial court's adoption of a statement of the evidence filed by Raines. Defendants contend that no hearing was held following remand, such that a statement of the evidence was unnecessary. Defendants assert that the statement of the evidence filed by Raines merely serves to list the documents that were filed following remand, which appear in the technical record. Raines emphasizes that pursuant to Tennessee Rule of Appellate Procedure 24(c) and (e), the determination of the trial court with regard to the record and statement of evidence is conclusive "absent extraordinary circumstances."

We note that Tennessee Rule of Appellate Procedure 24 also provides, however, that a statement of the evidence may be filed "[i]f no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available." This language implies that a statement of the evidence is intended to replace a hearing transcript, rather than simply summarizing the documents filed with the court, which are readily apparent from a review of the technical record. Following our thorough review of the record in this case, we determine that the statement of the evidence filed by Raines was unnecessary when no evidence was presented to the court apart from that contained in the written pleadings. *See, e.g., Colonial Baking Co. v. Barrett*, No. M1999-02276-WC-R3-CV, 2001 WL 263319 at *1 (Tenn. Workers Comp. Panel Mar. 19, 2001). Raines's statement of the evidence merely provides a narrative of the pleadings filed after remand; therefore, any error resulting from its inclusion in the record is harmless.

## IX. Conclusion

For the foregoing reasons, we affirm the trial court's judgment in all respects. Costs on appeal are assessed to the appellant, Raines Brothers, Inc. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.


_____
THOMAS R. FRIERSON, II, JUDGE