

FILED
Nov 13, 2025
11:57 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Damien Yeoman | Docket No. 2024-30-2931 |
| v. | State File No. 81990-2023 |
| Transwood Logistics, Inc., et al. | |
| Appeal from the Court of Workers' Compensation Claims Brian K. Addington, Judge | |

---

### Affirmed and Certified as Final

---

In this second appeal of this case, the employee challenges the trial court's order granting summary judgment to the employer on the basis that the employee failed to provide proper notice of the workplace accident. Previously, in an interlocutory appeal, we concluded that an employee's lack of understanding of the extent of his or her injury does not constitute a reasonable excuse for the failure to provide timely notice of a sudden, traumatic workplace accident. As a result, following our remand of the case and the employer's filing of a motion for summary judgment, the trial court determined that the employee did not come forward with sufficient evidence at the summary judgment stage to prove he had a reasonable excuse for his late notice. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Andrew J. Roberto, Knoxville, Tennessee, for the employee-appellant, Damien Yeoman

W. Troy Hart and Allison P. King, Knoxville, Tennessee, for the employer-appellee, Transwood Logistics, Inc.

### Factual and Procedural Background

We previously summarized the facts of this case as follows:

Damien Yeoman ("Employee"), a thirty-one-year-old resident of Knox County, worked as a delivery driver for Transwood Logistics, Inc.

1

("Employer"). On September 26, 2023, while making a delivery in Hendersonville, North Carolina, Employee slipped on a wet step while exiting his truck and, as a result, "all of his weight pulled on his right shoulder/arm." Employee stated he did not inform Employer of this accident initially for two reasons: first, he believed he had suffered a minor muscle pull that would resolve over time; and second, he had only been employed by Employer for approximately one month and "wanted to be cautious to make sure this was a work injury."

On October 10, 2023, Employee went to his primary care provider at Cherokee Health Systems and saw Nurse Practitioner Crystal Larrimore ("NP Larrimore"). At that visit, he complained of right shoulder and left thumb pain. According to NP Larrimore's report, Employee stated that his "shoulder hurts all the time, hurts when he moves it, hurts if he keeps it still." Importantly, NP Larrimore's report also stated that Employee "believes he may have injured this at his new job, pulling a hose." Later in the same report, the provider indicated he had experienced shoulder symptoms for "2-3 weeks." On physical examination, Employee had "moderate pain" during range of motion testing and tenderness in his right shoulder. NP Larrimore ordered a right shoulder x-ray.

On October 20, Employee informed his dispatcher that he needed time off for a medical appointment. This discussion was overheard by the terminal manager, Jerry Smith. During his subsequent conversation with Employee, Mr. Smith learned about the work accident, although Employee was unable at that time to recall the date it had occurred. . . .

. . . .

Although Employer had initially authorized medical treatment after receiving notice of Employee's accident, it subsequently denied the claim due to what it asserted was lack of timely notice. Specifically, Employer asserted that Employee's direct supervisor "had no knowledge of Employee's injury until October 20, 2023," which was 24 days after the accident.

During the expedited hearing, Employee testified that, after returning home following the accident on September 26, he told his mother that he had "slipped climbing out of the truck." He further acknowledged that, within a week of the accident, he decided his condition was bad enough that he needed to seek medical attention. Yet, he admitted he did not inform his supervisor of the incident until October 20. Finally, Employee acknowledged that he knew he had suffered a work-related accident on the date it occurred.

2

*Yeoman v. Transwood Logistics, Inc.*, No. 2024-30-2931, 2025 TN Wrk. Comp. App. Bd. LEXIS 11, at \*2-5 (Tenn. Workers' Comp. App. Bd. Mar. 19, 2025) (footnote omitted).

The trial court conducted an expedited hearing in December 2024 to determine whether Employee was entitled to the initiation of certain workers' compensation benefits. In a December 20, 2024 order, the trial court determined that Employer was not likely to prevail at trial on its notice defense because Employee is a poor historian who did not understand the seriousness of his medical condition and because Employer was not prejudiced by Employee's late notice. Consequently, the court concluded Employee had a reasonable excuse for his failure to provide timely notice, and it ordered Employer to initiate certain benefits. On appeal, we reversed, first noting that Tennessee Code Annotated section 50-6-201(a)(1) requires written notice of a workplace accident "within fifteen (15) days after *the occurrence of the accident*." *Id.* at \*8 (citing Tenn. Code Ann. § 50-6-201(a)(1) (emphasis added)). Second, we concluded there was no evidence Employer had actual knowledge of the accident. *Id.* at \*11. Finally, we held that an employee's lack of understanding of the seriousness of the resulting injury was not a reasonable excuse for his failure to timely report a sudden, traumatic workplace accident. *Id.* at \*11-12. We observed that to hold otherwise would result in the addition of a "discovery rule" to the notice requirement for sudden workplace accidents, which would expand the language of the relevant statute. *Id.* at \* 12.

Following our remand of the case, Employer filed a motion for summary judgment, arguing there were no genuine issues of material fact concerning Employee's failure to give timely notice of the workplace accident, Employer's lack of actual knowledge of the accident, or Employee's lack of a valid excuse for failure to give timely notice. In response, Employee argued that because he believed he had suffered only a minor muscle strain that would heal on its own, he had a reasonable excuse for not giving timely notice of the accident. In addition, Employee argued that this Board erred in reversing the trial court's expedited hearing order because we failed to give proper deference to the trial court's findings of fact concerning the reasonable excuse element of the analysis. Following a hearing, the trial court granted Employer's motion for summary judgment and dismissed Employee's case, and Employee has appealed.

**Standard of Review**

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). The grant or denial of a motion for summary judgment likewise is a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful

of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

On appeal, Employee raises several issues, which we have combined and restated as follows: (1) whether an employee's lack of understanding of the extent and nature of his or her medical condition can constitute a reasonable excuse for the failure to provide timely notice of a sudden, traumatic work-related accident; (2) whether the trial court erred in concluding there were no genuine issues of material fact concerning whether Employee presented sufficient evidence of a reasonable excuse for the failure to provide timely notice; and (3) whether Employer waived its notice defense by authorizing certain medical treatment and paying certain benefits. We will address the first two issues together.

### Reasonable Excuse

We have previously analyzed the structure and elements of a notice defense as set out in Tennessee Code Annotated section 50-6-201. *See Ernstes v. Printpack, Inc.*, No. 2020-07-0617, 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *34 (Tenn. Workers' Comp. App. Bd. June 6, 2023) (*aff'd Ernstes v. Printpack, Inc.*, No. W2023-00863-SC-RS-WC, 2024 Tenn. LEXIS 1 (Tenn. Workers' Comp. Panel Jan. 2, 2024)). In *Ernstes*, we discussed a five-step process for the evaluation of notice, the third step of which states:

> C. If no timely written notice was provided and no actual knowledge has been proven, did the employee show a "reasonable excuse" for the failure to give proper notice to the employer? In considering whether the employee has shown by a preponderance of the evidence a reasonable excuse, a court can consider, among other things: (1) the employer's actual knowledge of the employee's injury, (2) lack of prejudice to the employer by an excusal of the notice requirement, and (3) the excuse or inability of the employee to timely notify the employer. However, as previously stated by the Tennessee Supreme Court, lack of prejudice alone would not be sufficient to excuse notice.

*Ernstes*, 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *34 (internal citations and quotation marks omitted). In affirming our decision, the Supreme Court's Special Workers' Compensation Appeals Panel made clear that the burden of proving reasonable excuse is on the employee. *Ernstes*, 2024 Tenn. LEXIS 1, at *13.

In the present appeal, Employee asserts that a relevant factor to consider in evaluating an employee's reasonable excuse for the failure to give proper notice of a sudden, traumatic workplace accident is his or her lack of understanding of the extent

and/or nature of the medical condition the employee claims arose from the accident.  We also addressed this argument in our first opinion in this case, stating:

> We conclude, however, that an employee's understanding, or lack thereof, of the seriousness of his injury does not excuse the notice requirement in circumstances where [the employee] was involved in a sudden, traumatic accident at work.  Section 201(a)(1) expressly requires an employee to give notice "within fifteen (15) days after *the occurrence of the accident*," not within fifteen days after the employee understands the seriousness of the injury caused by that accident.  The trial court's rationale, taken to its logical conclusion, would result in the addition of a "discovery rule" to the notice requirement applicable to sudden, acute, and traumatic injuries described in section 201(a)(1), which we conclude would expand the intended meaning of that statute.

*Yeoman*, 2025 TN Wrk. Comp. App. Bd. LEXIS 11, at *11-12 (emphasis in original).  A necessary corollary to this conclusion is that an employee's lack of understanding of the extent and/or nature of a medical condition arising from a sudden, traumatic workplace accident is not pertinent to the assessment of timely notice.  In other words, in cases involving a sudden, traumatic accident, the notice requirement applies to the *occurrence of the accident*, not to the discovery of an injury arising from that accident.  Hence, in the context of the present appeal, we conclude that the language of section 201(a) placed a burden on Employee to give timely notice of the occurrence of the workplace accident regardless of whether he understood the extent or nature of any medical condition he believes arose from that accident.  *See* Tenn. Code Ann. § 50-6-201(a).[1]

We have also stressed that Tennessee's Workers' Compensation Law treats the employee's notice requirement differently depending on the context of the case.  For example, in circumstances where an employee alleges he or she suffered a gradual or cumulative trauma injury at work, Tennessee Code Annotated section 50-6-201(b) requires the employee to give notice to the employer within 15 days of the date the employee "[k]nows or reasonably should know that the employee suffered a work-related injury that has resulted in permanent physical impairment" or within 15 days after the employee "is rendered unable to continue to perform the employee's normal work activities as a result of the work-related injury."  Furthermore, in circumstances where an employee alleged an occupational disease, the employee is required to give notice within thirty days "after the first distinct manifestation of" the disease.  Tenn. Code Ann. § 50-6-305(a) (2024).  The

---

[1] Employee's argument appears to conflate an employee's knowledge of his or her injuries *from* an accident with his or her knowledge *of* an accident.  As we have stated previously, "Tennessee courts have consistently held that the employee is required to give timely notice of the accident but need not understand or appreciate the nature or extent of the injuries arising from the accident at the time notice is given." *Dyer v. PetSmart, Inc.*, No. 2023-05-0917, 2024 TN Wrk. Comp. App. Bd. LEXIS 5, at *21 (Tenn. Workers' Comp. App. Bd. Mar. 1, 2024).

5

Appeals Panel has interpreted this language to require courts to consider "when [the employee] knew or should have known that he suffered from an occupational disease caused by his workplace." *Mayton v. Wackenhut Servs.*, No. E2010-00907-WC-R3-WC, 2011 Tenn. LEXIS 620, at *11-12 (Tenn. Workers' Comp. Panel July 18, 2011).

Thus, both cumulative trauma cases and occupational disease cases include a "discovery rule" that impacts the employee's notice requirement in those circumstances. Yet, there is no such language in section 201(a). If the General Assembly had intended to include a "discovery rule" in the context of sudden, traumatic workplace accidents, it could easily have stated such in section 201(a). In short, we have no authority to expand unambiguous statutory language to add a discovery rule in the context of sudden, traumatic workplace accidents. *See Ernstes*, 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *18. Consequently, we reiterate our previous holding that Employee's lack of knowledge of the nature or extent of his condition is insufficient to establish a reasonable excuse for the failure to give timely notice of a sudden, traumatic accident. We also conclude the trial court did not err in determining Employee did not come forward with sufficient evidence to create a genuine issue of material fact regarding reasonable excuse.

*Waiver of Notice Defense*

Finally, Employee asserts that Employer waived its notice defense by authorizing and paying for certain workers' compensation benefits. We are unpersuaded by this argument. Tennessee Code Annotated section 50-6-205(d)(2) (2024) provides that in cases where an employer pays certain benefits without an award, "the prior payment of compensation shall not be considered a binding determination of the obligations of the employer as to future compensation payments." Further, the Tennessee Supreme Court has stated that "an employer who voluntarily makes payments to an employee may subsequently contest liability. An employee's acceptance of any such payments does not bind either side." *Catlett v. Indemnity Insurance Co. of N. Am.*, 914 S.W.2d 76, 78 (Tenn. 1995) (internal citations omitted); *see also Ward v. Federal Transp.*, No. 02S01-9304-CH-00028, 1995 Tenn. LEXIS 281, at *4 (Tenn. Workers' Comp. Panel May 30, 1995) (noting that section 50-6-205 makes no mention of waiver of defenses). Thus, we conclude that Employer's payment of benefits prior to contesting the compensability of the claim did not lead to a waiver of its notice defense.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order granting summary judgment and certify it as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| Damien Yeoman | Docket No. 2024-30-2931 |
|---|---|
| v. | State File No. 81990-2023 |
| Transwood Logistics, Inc., et al. | |

Appeal from the Court of Workers'
Compensation Claims
Brian K. Addington, Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of November, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Andrew J. Roberto | | | | X | aroberto@brownandroberto.com cwilliams@brownandroberto.com |
| W. Troy Hart Allison P. King | | | | X | wth@mijs.com apking@mijs.com slmcculley@mijs.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov